1  McGREGOR W. SCOTT
   United States Attorney
2  LAUREL J. MONTOYA
   Assistant U.S. Attorney
3  4401 Federal Building
   2500 Tulare Street
4  Fresno, California 93721
   Telephone: (559) 497-4000
5

6

7

8            IN THE UNITED STATES DISTRICT COURT FOR THE

9                  EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,        ) CR. NO. 1:06-CR-00171-OWW
                                    )
12            Plaintiff,            )
                                    ) APPLICATION FOR ORDER REGARDING
13      v.                          ) CRIMINAL FORFEITURE OF PROPERTY
                                    ) IN GOVERNMENT CUSTODY - 18 U.S.C.
14 ERASMO SILVA,                    ) § 983(a)(3)(B)(ii)(II)
   SUZANNE BARNETT,                 )
15 JOSE QUINTANILLA SILVA,          )
   NICANOR MANERA,                  )
16 MIGUEL QUINTERO,                 )
   DUSTIN SMILEY,                   )
17 WESLEY SMILEY,                   )
   GEORGE BUCHHOLZ,                 )
18 MICHAEL WATTENBARGER,            )
   ERNIE LIPPS,                     )
19 RUSTEN PAHL,                     )
   ISMAEL ALVAREZ DELEMORA,         )
20 JOSE ASUNCION ROMO,              )
   RUBEN CONTRERAS, and             )
21 JOSE LUIS ORTIZ HERNANDEZ,       )
                                    )
22            Defendants.           )
   _____)
23

24      The United States of America, through its counsel, hereby

25 moves for an order allowing the Government to maintain custody of

26 property already in the Government's possession pending the

27 resolution of a criminal forfeiture matter.  The grounds for the

28 motion are as follows:

1      On or about April 21, 2006, Drug Enforcement Administration

2 ("DEA") agents executed federal search warrants at various

3 locations.  DEA agents seized the following assets on or about

4 April 21, 2006, during the execution of the federal search

5 warrants:

6          a.   A 2006 BMC Bobber 88 Motorcycle, VIN: 1B9HB28806B565050,
                Paper Tags;(added in A like in the indictment)
7
           b.   A 2000 Suzuki Hayabusa GSX 1300 Motorcycle, VIN:
8               JS1GW71A6Y2107464, License Number 17S3017;

9          c.   1999 Custom Motorcycle, VIN: 5CDFKB524XG001186, License
                Number 17E1659;
10
           d.   Approximately $3,100.00 in U.S. Currency; and
11
           e.   One Savage Arms, .20 gauge shotgun, Kimel Kamper Model
12              KKI, serial number D455526.

13 The Savage shotgun was retained by DEA in its vault at the Fresno

14 Resident Office.  On or about May 4, 2006, a Bureau of Alcohol,

15 Tobacco, Firearms, and Explosives ("ATF") agent took custody of the

16 Savage shotgun from DEA.  Hereinafter, the above-referenced assets

17 are collectively referred to as the "seized assets."

18      In accordance with 18 U.S.C. § 983(a)(1), the DEA sent notice

19 to defendants George Buchholz, Erasmo Silva, and Wesley Smiley of

20 its intent to forfeit the seized assets in a non-judicial

21 forfeiture proceeding, and caused that notice to be published in a

22 newspaper of general circulation.  In accordance with 18 U.S.C. §

23 983(a)(1), ATF sent notice to defendant George Buchholz of its

24 intent to forfeit the Savage shotgun in a non-judicial forfeiture

25 proceeding, and caused that notice to be published in a newspaper

26 of general circulation.

27      On or about July 12, 2006, defendant George Buchholz filed a

28 claim with DEA contesting the administrative forfeiture of assets

2

1  b and c above pursuant to 18 U.S.C. § 983(a)(2).  On or about July

2  19, 2006, defendant Erasmo Silva filed a claim with DEA contesting

3  the administrative forfeiture of assets a, b, and d above pursuant

4  to 18 U.S.C. § 983(a)(2).  On or about July 31, 2006, defendant

5  George   Buchholz   filed   a   claim   with   ATF   contesting   the

6  administrative forfeiture of asset e above pursuant to 18 U.S.C. §

7  983(a)(2).

8       Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90

9  days in which to 1) return the property to the defendant, 2)

10 commence a civil judicial forfeiture action, or 3) commence a

11 criminal forfeiture action by including the seized assets in a

12 criminal indictment.  On October 5, 2006, the Government elected

13 the third option when it filed a Second Superseding Indictment

14 containing a forfeiture allegation concerning the seized assets.

15 That Second Superseding Indictment is now pending in this Court.

16      Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the

17 Government elects the third option, it must "take the steps

18 necessary to preserve its right to maintain custody of the property

19 as provided in the applicable criminal forfeiture statute."  The

20 applicable forfeiture statute in this case is 21 U.S.C. § 853.

21 That statute prescribes several methods for preserving property for

22 the purpose of criminal forfeiture.

23      Section § 853(f) authorizes the issuance of a criminal seizure

24 warrant.  However, in cases like this one, where the property in

25 question is already in Government custody, it is not appropriate

26 for a court to issue a seizure warrant directing the Government to

27 seize property from itself.  In turn, Section 853(e) authorizes the

28 court to issue a restraining order or an injunction to preserve the

1    property for forfeiture.  However, that provision is not pertinent

2    because there is no need to enjoin the Government from disposing of

3    property that the Government has taken into its custody for the

4    purpose of forfeiture, and that the Government intends to preserve

5    for that purpose through the conclusion of the pending criminal

6    case.

7         Finally, Section 853(e)(1) also authorizes a court to "take

8    any other action to preserve the availability of property" subject

9    to forfeiture.  The Government contends that this provision applies

10   in  circumstances  where,  as  here,  the  Government  has  already

11   obtained  lawful  custody  of  the  seized  assets  pursuant  to  federal

12   search warrants, and the Government seeks to comply with Section

13   983(a)(3)(B)(ii)(II).  Thus, all that is required to comply with

14   Section 983(a)(3)(B)(ii)(II) is an order from this Court stating

15   that the United States and its agencies, including DEA, ATF, and/or

16   the  United  States  Marshals  Service,  may  continue  to  maintain

17   custody of the seized assets until the criminal case is concluded.

18        Accordingly, pursuant to Section 853(e)(1), the United States

19   respectfully moves this court to issue an order directing that the

20   United States may maintain custody of the seized assets through the

21   conclusion  of  the  pending  criminal  case,  and  stating  that  such

22   order satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

23   Dated: October 23, 2006        McGREGOR W. SCOTT
                                     United States Attorney

24

25

                                      /s/ Laurel J. Montoya
26                                   LAUREL J. MONTOYA
                                     Assistant U.S. Attorney

27

28   ///

**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the Government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case.   For the reasons provided in the Government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the DEA, ATF, and/or the U.S. Marshals Service, are authorized to maintain and preserve the following assets until the conclusion of the instant criminal case, or pending further Order of this Court:

1.   A 2006 BMC Bobber 88 Motorcycle, VIN: 1B9HB28806B565050, Paper Tags;

2.   A 2000 Suzuki Hayabusa GSX 1300 Motorcycle, VIN: JS1GW71A6Y2107464, License Number 17S3017;

3.   1999 Custom Motorcycle, VIN: 5CDFKB524XG001186, License Number 17E1659;

4.   Approximately $3,100.00 in U.S. Currency; and

5.   One Savage Arms, .20 gauge shotgun, Kimel Kamper Model KKI, serial number D455526.

IT IS SO ORDERED.

Dated:   **October 24, 2006**           **/s/ Oliver W. Wanger**
emm0d6                                        UNITED STATES DISTRICT JUDGE

5